No. 35,132

HAYWARD GRAHAM, *Appellant,* v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Appellee.*

(117 P. 2d 583) .

Opinion filed October 11, 1941.

*Hayward Graham* pro se.

*Jay Parker,* attorney general, *Jay Kyle* and *Guy E. Ward,* assistant attorneys general, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from the order of the district court of Leavenworth county denying application for a writ of habeas corpus to a petitioner, a prisoner in the state penitentiary.

The sole basis of appeal is that a sentence for life in case No. 12,629 tried in the district court of Wyandotte county was excessive and the court was without jurisdiction to pronounce such sentence. The contention is based upon the theory the commitment in case No. 12,629, being a case of robbery in the first degree, failed to disclose convictions for other previous felonies which would support a life sentence under the habitual criminal statute, G. S. 1935, 21-107a, which was in effect on February 20, 1934, the date of the sentence.

Appellant's abstract was incomplete and this court on motion of appellee ordered appellant to include the finding of the district court of Wyandotte county touching convictions of other felonies. This appellant failed to do. Appellee furnished certified copies of the record in a separate and distinct felony which was also filed in Wyandotte county, namely, case No. 12,597, in which appellant pleaded guilty to the charge of robbery in the first degree. It is the record in the latter case which appellee contends justified the life sentence. That record contains an express finding of three former felony convictions in this state. The records of the district court of Wyandotte county in fact disclose five felony convictions, including the conviction in case No. 12,629. The mere fact, therefore, that the

record in case No. 12,629 did not affirmatively disclose the necessary former convictions to support a life sentence, is not ground for the release of the prisoner. The records of the various former convictions of robbery in the first degree are not challenged by appellant. They support the life sentence under the provisions of G. S. 1935, 21-530, and G. S. 1935, 21-107a.

The judgment of the district court is affirmed.